UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HENRY, et al., <br> Plaintiffs, <br> v. <br> COUNTY OF SAN BERNARDINO, et al., <br> Defendants. | Case No. EDCV 21-00233-DOC (RAO) <br><br> ORDER DISMISSING COMPLAINT |

On February 5, 2021, Plaintiffs Roderick Henry, Andre Citizen, LeSean Jackson, Jayshaun Lindsey, Keithe X-Gray, and Frank Muasau (collectively, "Plaintiffs") filed a civil rights complaint. Dkt. No. 1. Plaintiffs filed requests to proceed without prepayment of filing fees ("IFP Requests"). Dkt. Nos. 2, 6-10.

On April 6, 2021, the Court denied the IFP Requests because not all Plaintiffs demonstrated an inability to pay the filing fees. Dkt. No. 11.

On April 20, 2021, a mailing addressed to Plaintiff Jackson was returned with a remark that he was out of custody. *See* Dkt. No. 12.

On May 19, 2021, Plaintiffs filed a Request for Reconsideration of the denial of their IFP Requests. Dkt. No. 13.

On June 11, 2021, the Court issued an order directing each Plaintiff to separately apprise the Court of his current address and to provide a statement that he

intends to proceed on his claims in this lawsuit. Dkt. No. 14. The order noted that mail to one Plaintiff had been returned and other Plaintiffs may no longer be at their addresses of record. *Id.* The Court directed Plaintiffs to send their responses by July 6, 2021. *Id.* The order warned Plaintiffs that failure to file a timely response could result in dismissal of their case without prejudice. *Id.*

To date, the Court has received no responses to the June 11, 2021 order. The mailings of the June 11, 2021 order addressed to Plaintiffs X-Gray and Henry were returned with remarks that these individuals were not in custody. Dkt. Nos. 15, 16. Additionally, a search of the San Bernardino County Inmate Locator, available at http://www.sbinmatelocator.org/, indicates that Plaintiff Citizen is also no longer in custody of the San Bernardino County Sheriff's Department.[1] Although Plaintiffs Lindsey and Muasau remain in custody at West Valley Detention Center, neither has responded to the June 11, 2021 order. Thus, all Plaintiffs have failed to comply with the order to apprise the Court of their current addresses and to indicate whether they intend to proceed with this lawsuit.

Federal Rule of Civil Procedure 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

---

[1] The Court may take judicial notice of publicly-available information from inmate locators. *See U.S. v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the Federal Bureau of Prisons inmate locator).

> (3) the risk of prejudice to defendants;
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* Plaintiffs have failed to prosecute this action by not responding to the Court's June 11, 2021 order and not apprising the Court of their current addresses. Plaintiffs' inaction interferes with the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. Accordingly, these two factors weigh strongly in favor of dismissal.

The third factor (the risk of prejudice to the defendant) requires a defendant to establish "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiffs were ordered to inform the Court of their continued interest to pursue this case and to provide their current addresses. The failure to respond indicates Plaintiffs' loss of interest in the matter. The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also weighs in favor of dismissal. The Court provided Plaintiffs sufficient time to respond to the

June 11, 2021 order and to provide their current addresses. The Court cautioned Plaintiffs that a failure to respond would result in dismissal. *See* Dkt. No. 14. Plaintiffs' failure to participate in their own lawsuit supports that no lesser sanction will be effective. As to the Plaintiffs who are no longer at their addresses of record, the Court cannot impose any lesser sanctions without being able to communicate with them. Also, the Court is recommending dismissal of this action without prejudice, a far less drastic alternative than dismissal with prejudice. Accordingly, this factor favors dismissal.

Regarding the fifth factor, public policy generally favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. However, it is the responsibility of the moving party to move the case toward a timely disposition on the merits, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiffs have failed to participate in their own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

Four factors favor dismissal and one factor is neutral. Dismissal of this action without prejudice is appropriate.

Accordingly, IT IS ORDERED that this case is DISMISSED without prejudice. The pending Request for Reconsideration is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 4, 2021

*/s/ David O. Carter*
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE